IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TRANSFIRST GROUP, INC. f/k/a**, **TRANSFIRST HOLDINGS, INC.**, *et al.*, | § § § § § § § § § § § | |
| Plaintiffs, | | |
| v. | | Civil Action No. **3:16-CV-1918-L** **File Under Seal and Ex Parte** |
| **DOMINIC J. MAGLIARDITI,** *et al.*, | | |
| Defendants. | | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the *Ex Parte* Application for Temporary Restraining Order, Preliminary Injunction, and Other Equitable Relief ("Application") (Doc. 6), filed July 8, 2016.  A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case.  *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Accordingly, before addressing Plaintiffs' Application, the court must determine whether it has subject matter jurisdiction.  For the reasons herein discussed, the court questions whether it has jurisdiction over this action and **directs** Plaintiffs to file an amended complaint by **August 22, 2016**, that addresses the pleading defects identified by the court in this order.

Plaintiffs TransFirst Group, Inc. f/k/a TransFirst Holdings, Inc.; TransFirst Merchant Third Party Sales, LLC f/k/a TransFirst Merchant Services, Inc.; and Payment Resources International, LLC (collectively, "Plaintiffs" or "TransFirst") filed this action against Defendants Dominic J. Magliarditi; Francine Magliarditi, in her individual capacity and in her role as trustee of FRM Trust, DJM Irrevocable Trust, and Fane Trust ("Magliarditi Trusts"); ATM Enterprises LLC; DII Capital,

**Memorandum Opinion and Order - Page 1**

Inc.; DFM Holdings, Ltd.; DFM Holdings, LP; DII Properties, LLC; Magliarditi, Ltd.; Chazzlive.com LLC; and Spartan Payment Solutions, LLC (collectively, "Defendants") for alleged violations of the Texas Uniform Fraudulent Transfer Act ("TUFTA") and Federal Uniform Fraudulent Transfer Act. Plaintiffs further assert that Defendants were unjustly enriched as a result of the fraudulent transfers of Dominic J. Magliarditi's assets; and that Francine Magliarditi, the Magliarditi Trusts, and the remaining Defendants are each an alter ego of Dominic J. Magliarditi. For relief, Plaintiffs seek compensatory damages as a result of Defendants' alleged wrongdoing, restitution from any fraudulent transferee, punitive or exemplary damages, preliminary and permanent injunctive relief, appointment of a receiver, prejudgment and postjudgment interest, costs, and attorney's fees incurred in this action, as well as attorney's fees that it has previously incurred in attempting to collect on the Third Amended Final Judgment entered by former United States District Chief Judge Jorge A. Solis in Civil Action No. 3:06-CV-2303-C on April 22, 2013.[1]

Plaintiffs filed this action on the basis of diversity of citizenship and federal question jurisdiction. Plaintiffs' pleadings, however, are insufficient to establish jurisdiction based on either diversity of citizenship or federal question. The only federal claim asserted is for alleged violations of the Federal Uniform Fraudulent Transfer Act, 28 U.S.C. § 3304. Plaintiffs allege that their claim under Federal Uniform Fraudulent Transfer Act is based on the same factual and legal allegations that support their TUFTA claim. The Federal Uniform Fraudulent Transfer Act, however, only applies to debts to the United States, and no such debt is alleged in Plaintiffs' Complaint. Although Plaintiffs allege that "this Court has continuing jurisdiction over the enforcement of the Judgment

---

[1] After Chief Judge Solis retired, the case was reassigned to Senior Judge Sam R. Cummings on May 2, 2016, to address the postjudgment case activity that has been ongoing since the entry of the final judgment.

**Memorandum Opinion and Order - Page 2**

[entered in Civil Action No. 3:06-CV-2303-C]," such allegation is insufficient to justify the exercise of ancillary jurisdiction in this case. *See* Pls.' Compl. ¶ 15.

The Supreme Court has cautioned federal courts "against the exercise of jurisdiction over proceedings that are entirely new and original or where the relief [sought is] of a different kind or on a different principle than that of the prior decree." *Peacock v. Thomas*, 516 U.S. 349, 358 (1996) (citations and internal quotation marks omitted). "Ancillary enforcement jurisdiction is, at its core, a creature of necessity. The "exercise of ancillary jurisdiction in a subsequent lawsuit to impose an obligation to pay an existing federal judgment on a person not already liable for that judgment" is improper. *Id*. at 357 (citing *H.C. Cook Co. v. Beecher*, 217 U.S. 497 (1910)). When a party has obtained a valid federal judgment, only extraordinary circumstances, if any, can justify ancillary jurisdiction over a subsequent suit" in which a judgment creditor seeks more than to "merely require[] compliance with the existing judgment by the persons with authority to comply." *Id.* at 359 (citations omitted). As explained by the Court in *Peacock*, the Federal Rules of Civil Procedure "cannot guarantee payment of every federal judgment. But as long as they protect a judgment creditor's ability to execute on a judgment, the district court's authority is adequately preserved, and ancillary jurisdiction is not justified over a new lawsuit to impose liability for a judgment on a third party." *Id.*

Consideration of these principles leads the court to conclude that ancillary jurisdiction cannot properly be exercised in this case because it is based on new theories of liability and different facts than Plaintiffs' prior suit. This action is for alleged fraudulent transfers that occurred postjudgment or during the prior action and involves an alter ego theory of liability, whereas the prior action concerned the Racketeering Influenced and Corrupt Organizations Act ("RICO") violations, RICO

**Memorandum Opinion and Order - Page 3**

conspiracy, breach of contract, breach of fiduciary duty, and fraudulent inducement in conjunction with an Asset Purchase Agreement. Moreover, Plaintiffs do not seek in this action to merely enforce the prior judgment. They instead seek compensatory and punitive damages for allegedly fraudulent transfers that occurred after entry of the judgment, as well as other relief. Additionally, except for Dominic J. Magliarditi, none of the Defendants in this action were parties to the prior action. Finally, it is apparent from the court's review of proceedings in the prior action that Plaintiffs have actively pursued and continue to pursue their remedies under Rule 69 of the Federal Rules of Civil Procedure. Accordingly, the exercise of ancillary jurisdiction in this case would be improper.

Plaintiffs' allegations regarding the parties' citizenship are likewise deficient. Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806)). "[T]he basis on which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity "mandates remand or dismissal of the action." *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991).

Plaintiffs' Complaint lists a total of fifteen parties. According to Plaintiffs' Complaint, the parties in this case include natural persons, trusts or trustees, limited liability companies, corporations, and limited partnerships.

**Memorandum Opinion and Order - Page 4**

A natural person is considered a citizen of the state where that person is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)). The citizenship of a limited liability company "is determined by the citizenship of all of its members." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). The citizenship of a partnership or unincorporated association's citizenship is determined by the citizenship of each of its partners. *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990). A corporation is a "citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business[.]" 28 U.S.C. § 1332(c)(1). The citizenship of a trust is that of its trustees. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (citation omitted); *Mullins v. Testamerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009) (footnote omitted). The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, not the trust beneficiaries. *Navarro Sav. Ass'n*, 446 U.S. at 464 (footnote omitted). Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465.

Plaintiffs' citizenship allegations for all but the first party listed in the Complaint, TransFirst Group, In.c f/k/a TransFirst Holdings, Inc., are deficient. *See* Pls.' Compl. ¶¶ 1-15. Specifically,

**Memorandum Opinion and Order - Page 5**

Plaintiffs do not set forth the necessary factual allegations to satisfy the requirements above for establishing the citizenship of the various Plaintiffs and Defendants listed in paragraphs two through fifteen of their Complaint. Absent such pleadings to support diversity of citizenship or federal question jurisdiction, this court will not have subject matter jurisdiction. Therefore, to ensure that this court has jurisdiction to hear this action, Plaintiffs must file an amended complaint by **August 22, 2016**, that addresses the pleading defects identified by the court in this order. *Failure of Plaintiffs to comply with this order will dismiss in the dismissal of this action for lack of subject matter jurisdiction.*

**It is so ordered** this 22nd day of July, 2016.

*[signature]*
Sam A. Lindsay
United States District Judge

**Memorandum Opinion and Order - Page 6**