# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRANSFIRST GROUP INC., et al.,<br><br>Plaintiffs,<br><br>v.<br><br>DOMINIC J. MAGLIARDITI, et al.,<br><br>Defendants. | Case No. 2:17-cv-00487-APG-VCF<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTIONS FOR RECONSIDERATION**<br><br>(ECF Nos. 131/132, 133) |

Defendant Francine Magliarditi and the entity defendants move for reconsideration of my order granting a preliminary injunction. ECF Nos. 131/132. These defendants argue I should reconsider my rulings that alter ego is a separate cause of action in the context of this case and that a limited liability company is subject to alter ego analysis. Alternatively, they request I certify to the Supreme Court of Nevada whether alter ego applies to limited liability companies, partnerships, and trusts. These defendants also argue that a recent decision by the Supreme Court of Nevada shows a creditor cannot execute against or attach assets in a spendthrift trust.[1]

Defendant Dominic Magliarditi also moves for reconsideration. Dominic joins in Francine's spendthrift trust argument. He also argues Nevada law would preclude attachment or execution on the life insurance policy in the DJM Irrevocable Trust. Dominic further contends that the court erred by finding the entity defendants are debtors under Nevada's Uniform Fraudulent Transfer Act and by finding that a transfer occurred. Finally, Dominic argues the court did not allow the defendants the opportunity to present witnesses.

The plaintiffs respond that the defendants largely recycle legal and factual arguments already rejected by this court. As to the spendthrift trust argument, the plaintiffs argue the case on which the defendants rely did not address alter ego. Additionally, the plaintiffs argue that

---

[1] The motion also seeks approval to withdraw amounts from the frozen assets. Because the defendants have filed a separate motion on that topic, I decline to consider it in relation to this motion.

case's discussion of fraudulent transfer suggests that the Supreme Court of Nevada would apply alter ego principles to a spendthrift trust. Finally, the plaintiffs argue the defendants had ample opportunity to present evidence and argument and, in any event, the court has discretion to enter a preliminary injunction without holding an evidentiary hearing.

**I. ANALYSIS**

"[A]bsent an express entry of final judgment, all orders of a district court are 'subject to reopening at the discretion of the district judge.'" *W. Birkenfeld Trust v. Bailey*, 837 F. Supp. 1083, 1085 (E.D.Wash.1983) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 12 (1983)); *see also* Fed. R. Civ. P. 54(b). A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (quotation and emphasis omitted). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.*

Most of the defendants' arguments are a rehashing of prior arguments, and I decline to reconsider my prior rulings with the caveat that, as discussed below, I will certify questions of law to the Supreme Court of Nevada. My rulings that the plaintiff can state an alter ego claim; that the alter ego doctrine applies to limited liability companies, partnerships, and trusts; that an alter ego can be a "debtor" under Nevada's Uniform Fraudulent Transfer Act; and that fraudulent "transfers" may occur between alter egos remain the law of the case until the Supreme Court of Nevada answers the certified questions.

**A. Spendthrift Trusts**

The defendants have identified an intervening change in the law with respect to spendthrift trusts. The same day I entered the preliminary injunction order (ECF No. 109), the

Supreme Court of Nevada issued *Klabacka v. Nelson*, 394 P.3d 940 (Nev. 2017) (en banc). In *Klabacka*, the Supreme Court of Nevada addressed self-settled spendthrift trusts ("SSSTs") in the context of a divorce proceeding. 394 P.3d at 942-44. Although *Klabacka* did not address alter ego, the opinion casts doubt on my ruling that the alter ego doctrine applies to spendthrift trusts, at least in the context of someone other than the settlor being the alter ego. *See* Nev. Rev. Stat. 163.418 (setting forth clear and convincing standard to show settlor is alter ego of a trustee of an irrevocable trust).

In *Klabacka*, the Supreme Court of Nevada noted that Nevada Revised Statutes Chapters 163 and 166 "evince a clear intention to protect spendthrift trust assets against court order." *Id.* at 949 (footnote omitted, citing Nev. Rev. Stat. §§ 163.417(1)(c)(1), 166.120(2), and 166.120(3)). The Supreme Court of Nevada ruled that the district court had erred by imposing the equitable remedy of a constructive trust over spendthrift trust assets. *Id.* at 953. In doing so, it stated that (1) "the imposition of equitable remedies runs afoul of the protections afforded by those spendthrift provisions," (2) "the self-settled spendthrift provisions of NRS Chapter 166 reflect a considered legislative policy choice," and (3) "if exceptions to the policy are to be made for equitable remedies, it is for the Legislature to undertake that task." *Id.* at 953 n.8; *see also id.* at 948 ("Breaching trust formalities of an otherwise validly created [self-settled spendthrift trust] does not invalidate [it]; rather, it creates liability upon the trustee(s) for that breach. Indeed, if, after [a self-settled spendthrift trust] is validly formed, the trust formalities are breached by a trustee, the proper remedy is a civil suit against the trustee—not an invalidation of the trust itself.").

This language suggests that imposition of the alter ego doctrine against spendthrift trust assets may also be a matter for the Legislature, not the courts. *Klabacka* nevertheless identified two instances in which trust assets were not protected: (1) where community property is placed in a separate property SSST, the non-beneficiary spouse's portion may be traced and distributed from the trust; and (2) the statutory protections for spendthrift trusts "do not apply if a court order is enforcing a judgment levied against the trust by a creditor able to prove, by clear and

convincing evidence," a fraudulent transfer. *Id.* at 948, 949 n.5 (citing Nev. Rev. Stat § 166.170(3)).

As I previously ruled, there is sufficient evidence of fraudulent transfers of Dominic's property into the trusts. Thus, although *Klabacka* suggests the alter ego doctrine does not apply to spendthrift trusts, the preliminary injunction shall remain in place based on the evidence of fraudulent transfers. However, I will certify to the Supreme Court of Nevada the question of whether the alter ego doctrine applies to spendthrift trusts.[2]

### B. Life Insurance

The defendants raise for the first time on reconsideration the argument that the preliminary injunction should not apply to the DJM Irrevocable Trust because life insurance policies are exempt from execution under Nevada Revised Statutes § 21.090(1)(k). Section 21.090(1)(k) exempts from execution "[a]ll money, benefits, privileges or immunities accruing or in any manner growing out of any life insurance."

The defendants could and should have raised this argument in the initial briefing. They have not presented evidence that the DJM Irrevocable Trust has insurance proceeds, nor have they identified a current harm from this trust being subject to the preliminary injunction. The trust is not currently subject to execution efforts, so declaring an exemption is premature.

### C. Certification

Given the uncertainty of numerous aspects of Nevada law that this case raises, I grant the defendants' motions for reconsideration on the limited basis that I will certify questions of law to the Supreme Court of Nevada regarding the availability of an alter ego claim, the application of the alter ego doctrine to the various types of entities at issue in this case, and on the legal issues surrounding alter egos and fraudulent transfers. A separate certification order will issue.

---

[2] The DJM Irrevocable Trust and FANE Trust appear to meet the requirements of spendthrift trusts, and the plaintiffs do not dispute that they do. The trustee is a Nevada resident (Francine Magliarditi). Defs.' Exs. 513, 514. The instruments are in writing, irrevocable, and do not require that any part of the trust's income or principal be distributed to the settlor. *Klabacka*, 394 P.3d at 947. To date, the plaintiffs have not alleged or argued that these trusts were created with the intent to hinder, delay, or defraud known creditors. *Id.*

### D. Reopening the Evidentiary Hearing

Dominic contends I erred by issuing the injunction without giving the defendants an opportunity to present witnesses and evidence. The defendants had ample opportunity to present both documentary evidence and witnesses. They have not presented any evidence on reconsideration that would alter my prior conclusions. Nevertheless, if the defendants want to reopen the evidentiary hearing, the parties shall meet and confer and suggest hearing dates.

## II. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motions to reconsider **(ECF Nos. 131/132, 133) are GRANTED in part and DENIED in part**. The preliminary injunction (ECF No. 109) remains in place. However, I will certify questions to the Supreme Court of Nevada by separate order.

IT IS FURTHER ORDERED that if the defendants want to reopen the evidentiary hearing, the parties shall meet and confer and suggest hearing dates.

DATED this 29th day of August, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE