UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRANSFIRST GROUP, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DOMINIC J. MAGLIARDITI, *et al.*,<br><br>Defendants. | Case No. 2:17-cv-00487-APG-VCF<br><br>**ORDER CERTIFIYING QUESTIONS TO THE SUPREME COURT OF NEVADA** |

Pursuant to Rule 5 of the Nevada Rules of Appellate Procedure, this Court seeks guidance from and respectfully certifies to the Supreme Court of Nevada the following questions of law that may be determinative of matters before this Court and as to which there is no clearly controlling precedent in the decisions of the Supreme Court or Court of Appeals of Nevada:

1. May a judgment creditor bring a claim for alter ego to make a third party liable on the judgment or is alter ego a remedy only?

2. Does alter ego apply to limited liability companies?

3. Does alter ego apply to partnerships?

4. Does alter ego apply to trusts?

5. Does alter ego apply to spendthrift trusts?

6. Is an alter ego of a judgment debtor a "debtor" under Nevada's Uniform Fraudulent Transfer Act?

7. Is a transfer between alter egos or between the judgment debtor and an alter ego a "transfer" under Nevada's Uniform Fraudulent Transfer Act?

**I. BACKGROUND**

Plaintiffs TransFirst Group, Inc.; TransFirst Third Party Sales, LLC; and Payment Resources International, LLC ("TransFirst") obtained a judgment in the United States District Court for the Northern District of Texas against defendant Dominic J. Magliarditi based on fraud

claims for which approximately $4 million remains unpaid.[1] ECF No. 7-1 at 2, 5, 11; Pls.' Hrg. Exs. 1-3; ECF No. 105 at 17. TransFirst has been attempting to collect ever since, with little success. Following post-judgment collection efforts, TransFirst initiated this lawsuit in Texas against Dominic, his wife (Francine Magliarditi), and various entities associated with the Magliarditis, alleging that the entities are Dominic's alter egos and thus are liable on the judgment. TransFirst also asserts fraudulent transfer claims, alleging that transfers to and between the entities and to Francine were fraudulent.

While this case was pending in Texas, TransFirst moved for a temporary restraining order ("TRO") precluding the defendants from transferring, concealing, or otherwise disposing of their assets. ECF No. 6. The Texas court granted that motion as to some defendants but denied it without prejudice as to others because the court concluded it lacked jurisdiction over those defendants. ECF Nos. 6, 33. In ruling on the TRO motion, the court stated Dominic had engaged in "postjudgment discovery abuses, as evidenced by Magistrate Judge Paul Stickney's order sanctioning him . . . ." ECF No. 33 at 9. The Texas court then transferred the action to this court. ECF Nos. 36, 37.

After the case was transferred, I reinstated the TRO, expanded it to apply to all the defendants, and set a hearing on the motion for preliminary injunction. ECF Nos. 53, 54. In the meantime, TransFirst filed a second amended complaint, again asserting claims for alter ego, fraudulent transfer, and unjust enrichment. ECF No. 75. The parties submitted their briefs and voluminous supporting exhibits in relation to the motion for a preliminary injunction. I held a hearing on May 19, 2017, at which no live witnesses testified.

I granted TransFirst's motion for a preliminary injunction. ECF No. 109. In doing so, I made several predictions about Nevada law which have become the subject of a motion for

---

[1] During the original lawsuit in Texas, the federal district court found that Dominic "gave false testimony concerning material matters before the court with the willful intent to provide false testimony to the court and with the intent to influence the proceedings . . . ." ECF No. 7-1 at 9. Dominic is a Nevada licensed attorney. This order serves as notice under Nevada Rule of Professional Conduct 8.3 that Dominic Magliarditi was found by a federal district court to have "[e]ngaged in conduct involving dishonesty, fraud, deceit or misrepresentation." Nev. Rule of Prof. Conduct 8.4(c).

reconsideration. In light of the Supreme Court of Nevada's recent decision in *Klabacka v. Nelson*, 394 P.3d 940 (Nev. 2017) (en banc), I granted reconsideration in that I would certify substantial questions of Nevada law to the Supreme Court of Nevada.

**A. Alter Ego**

I made several predictions about Nevada law on the alter ego doctrine. Although alter ego is described as a remedy in many jurisdictions, I predicted that the Supreme Court of Nevada would hold that a judgment creditor seeking judgment debtor assets in third party hands may file a separate action for alter ego. I based that prediction on the Supreme Court of Nevada's opinions in *Callie v. Bowling*, 160 P.3d 878, 880 (Nev. 2007) (en banc) and *Mona v. Eighth Judicial District Court of the State of Nevada in and for The County of Clark*, 380 P.3d 836, 841 (Nev. 2016) (en banc). Both of those cases hold that a judgment creditor may not resort to summary procedures that do not afford due process to a third party claimant when seeking to attach the assets of an alleged alter ego. But I noted that those concerns are not at issue here because Francine and the entity defendants have been named and served in this lawsuit. I thus ruled that TransFirst was doing what the Supreme Court of Nevada has indicated a judgment creditor seeking judgment debtor assets in third party hands should do: file a separate action for alter ego and afford due process to the third party. The defendants have requested reconsideration of this ruling because many other jurisdictions refer to alter ego as a remedy, not as a separate claim.

Second, I predicted that the alter ego doctrine applies to limited liability companies, partnerships, and trusts under Nevada law. In short, I predicted the Supreme Court of Nevada would not sanction a fraud, regardless of its form. The recent *Klabacka* decision suggests this may have been an erroneous conclusion as to self-settled spendthrift trusts, although *Klabacka* did not address the alter ego doctrine.

I have reconsidered my rulings to the extent that I granted the defendants' request to certify these questions to the Supreme Court of Nevada. In light of the importance of these state law issues and their possible recurrence, whether alter ego can be a separate claim and whether

that doctrine applies to any or all of these entities are questions best resolved by the Supreme Court of Nevada.

### B. Fraudulent Transfers

I also made two predictions about Nevada law in relation to TransFirst's fraudulent transfer claim. First, I predicted that an alter ego of a debtor is a "debtor" as defined by Nevada Revised Statutes § 112.150(6). Second, I predicted that a transfer to or between alter egos qualifies as a "transfer" for purposes of Nevada Revised Statutes § 112.150(12).

The defendants have raised non-frivolous arguments that an alter ego is not a debtor and that if an alter ego is a debtor, then transfers to or between the debtor's alter egos cannot constitute a "transfer." These are important questions of Nevada state law that are likely to recur. The Supreme Court of Nevada is best situated to resolve them definitively.

## II. PARTIES' NAMES AND DESIGNATION OF APPELLANT AND APPELLEE

Plaintiffs: TransFirst Group Inc.; TransFirst Third Party Sales LLC; and Payment Resources International, LLC.

Defendants: Dominic J. Magliarditi; Francine Magliarditi in her individual capacity and as trustee of the FRM Trust, the DJM Irrevocable Trust, and the FANE Trust; ATM Enterprises LLC; DII Capital Inc.; DFM Holdings Ltd.; DFM Holdings LLP; DII Properties LLC; Magliarditi Ltd.; Chazzlive.com LLC; Spartan Payment Solutions LLC; FRM Trust; DJM Irrevocable Trust; FANE Trust; and DFM Holdings, LP.

Because my last ruling was in favor of the plaintiffs, the defendants shall be the appellants.

## III. NAMES AND ADDRESSES OF COUNSEL FOR THE PARTIES

Counsel for the plaintiffs:

~~Adam Cooper Sanderson, Peter Marketos, and Tyler Bexley~~
Reese Gordon Marketos LLP
750 N. Saint Paul St., Suite 600
Dallas, Texas 75201-3201

Chad Olsen and Matthew Durham
Payne & Fears LLP
385 S. Rainbow Blvd., Suite 220
Las Vegas, NV 89118

Counsel for defendant Dominic Magliarditi:

Brian Hail
Gruber Hurst Johansen & Hail
Fountain Place
1445 Ross Ave, Suite 2500
Dallas, Texas 75202

James Pisanelli and Dustun Holmes
Pisanelli Bice PLLC
400 South 7th Street, Suite 300
Las Vegas, Nevada 89101

Counsel for defendant Francine Magliarditi and the entity defendants:

George Kelesis, Julie Sanpei, and Marc Cook
517 S. 9th St.
Las Vegas, Nevada 89101

Robert Wiegand and Melissa Swindle
Stewart Wiegand & Owens PC
325 North St. Paul, Suite 4150
Dallas, Texas 75201

## IV. ANY OTHER MATTERS THE CERTIFYING COURT DEEMS RELEVANT TO A DETERMINATION OF THE QUESTIONS CERTIFIED

The Court defers to the Supreme Court of Nevada to decide whether it requires any other information to answer the certified questions. The Court does not intend its framing of the questions to limit the Supreme Court of Nevada's consideration of the issues. An asset freeze is in place pending resolution of the certified questions.

## V. CONCLUSION

Having complied with the provisions of Nevada Rule of Appellate Procedure 5(c), the Court hereby directs the clerk of court to forward this Order under official seal, along with ECF Nos. 109 and 145 to the Supreme Court of the State of Nevada, 201 South Carson Street, Suite 201, Carson City, Nevada 89701-4702.

IT IS SO ORDERED this 29th day of August, 2017.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE