# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TRANSFIRST GROUP, INC., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DOMINIC J. MAGLIARDITI, *et al.*, <br><br> Defendants. | Case No. 2:17-cv-00487-APG-VCF <br><br> **ORDER (1) GRANTING IN PART THE DEFENDANTS' MOTIONS TO DISMISS, (2) DENYING THE MOTIONS FOR MORE DEFINITE STATEMENT, AND (3) DENYING THE MOTIONS TO STRIKE** <br><br> (ECF Nos. 89, 90, 94, 95, 96, 97) |

Plaintiffs Transfirst Group, Inc.; Transfirst Third Party Sales, LLC; and Payment Resources International, LLC ("Transfirst") obtained a judgment in the United States District Court for the Northern District of Texas against defendant Dominic J. Magliarditi based on fraud claims for which approximately $4 million remains unpaid. ECF No. 7-1 at 2, 5, 11; Pls.' Hrg. Exs. 1-3; ECF No. 105 at 17. Transfirst has been attempting to collect ever since, with little to no success. Following post-judgment collection efforts, Transfirst initiated this lawsuit against Dominic, his wife (Francine Magliarditi), and various entities associated with the Magliarditis, alleging that the entities are Dominic's alter egos and thus are liable on the judgment. Transfirst also asserts fraudulent transfer claims, alleging that transfers between the entities and to Francine were fraudulent.

The defendants move to dismiss, for a more definite statement, and to strike certain allegations in the second amended complaint. I have already addressed many of the issues raised in the motions when I ruled on the motion for preliminary injunction and the motion for reconsideration. ECF Nos. 109, 145. Those issues are before the Ninth Circuit on the defendants' interlocutory appeal of those two orders. ECF Nos. 154, 157. I therefore deny the defendants' motion as to those issues because I have already ruled, I have certified many of those questions to the Supreme Court of Nevada, and I lack jurisdiction to rule further. *See Griggs v. Provident Consumer Disc. Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of

jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

However, the interlocutory appeal does not divest me of jurisdiction over the remaining aspects of the case. *See Williams v. Alioto*, 625 F.2d 845, 848 (9th Cir. 1980); *DePinto v. Provident Sec. Life Ins. Co.*, 374 F.2d 50, 52 n.2 (9th Cir. 1967). I therefore address the remainder of the motions. The parties are familiar with the facts, and I will not repeat them here except where necessary. As more fully explained below, I grant in part the motions to dismiss, I deny the motions for a more definite statement, and I deny the motions to strike.

# I. ANALYSIS

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations in the complaint. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555.

### A. Unjust Enrichment and Civil Conspiracy

Transfirst concedes dismissal of the unjust enrichment claim. ECF No. 115 at 3 n.2. I therefore dismiss it. Additionally, Transfirst denies it is asserting a civil conspiracy claim. *Id.* I therefore do not address the defendants' arguments regarding civil conspiracy.

### B. Nevada Uniform Fraudulent Transfer Act

Nevada's Uniform Fraudulent Transfer Act ("NUFTA") provides several different means for a creditor to establish that a transfer was fraudulent, including actual and constructive fraud. The defendants move to dismiss Transfirst's NUFTA claims under the various sections of the Act.

1. Section 112.190(2)

Nevada Revised Statutes § 112.190(2) provides that a transfer is fraudulent as to a creditor whose claim arose before the transfer if the transfer "was made to an insider for an antecedent debt, the debtor was insolvent at that time, and the insider had reasonable cause to believe that the debtor was insolvent." The defendants argue that Transfirst has failed to state a claim under § 112.190(2) because it has not alleged that any of the entity defendants is insolvent. They also argue that transfers occurring prior to June 30, 2015 are time-barred under § 112.230. Finally, Dominic contends the transfers to third parties for the Magliarditis' living expenses would not be transfers to an insider or for an antecedent debt.

Transfirst responds that it has pleaded insolvency because Dominic is not paying the judgment he owes and claims he is broke, and the entities are his alter egos so they likewise are insolvent. Transfirst also argues it pleaded that the defendant entities are inadequately capitalized. As to timeliness, Transfirst asserts the one-year limitations period in § 112.230 is subject to tolling under the discovery rule. Transfirst contends it adequately alleged Dominic concealed his fraudulent transfers to support tolling.

*a. Timeliness*

Section 112.230(1)(c) provides that a fraudulent transfer claim under § 112.190(2) is "extinguished" unless the action is brought within one year after the transfer was made. The Supreme Court of Nevada has not addressed whether this is a statute is subject to the discovery rule. I therefore must predict what the Supreme Court of Nevada would decide if confronted with the question. *Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1126 (9th Cir. 2005).

To determine whether § 112.230(1)(c)'s limitation period can be extended by the discovery rule, I look to Nevada's rules of statutory interpretation. In Nevada, the goal of statutory interpretation is to ascertain the legislature's intent. *Karcher Firestopping v. Meadow Valley Contractors, Inc.*, 204 P.3d 1262, 1263 (Nev. 2009) (en banc). I must give a clear and unambiguous statute its plain meaning, unless doing so "violates the spirit of the act." *D.R. Horton, Inc. v. Eighth Judicial Dist. Ct. ex rel. Cty. of Clark*, 168 P.3d 731, 737 (Nev. 2007) (en

banc) (quotation omitted). In doing so, I consider a statute's provisions as a whole, reading them "in a way that would not render words or phrases superfluous or make a provision nugatory." *S. Nev. Homebuilders Ass'n v. Clark Cty.*, 117 P.3d 171, 173 (Nev. 2005) (quotation omitted). "Generally, when the legislature has employed a term or phrase in one place and excluded it in another, it should not be implied where excluded." *Coast Hotels & Casinos, Inc. v. Nev. State Labor Comm'n*, 34 P.3d 546, 550 (Nev. 2001) (en banc); *see also S. Nev. Homebuilders Ass'n*, 117 P.3d at 174 ("[I]t is not the business of this court to fill in alleged legislative omissions based on conjecture as to what the legislature would or should have done." (quotation omitted)).

Viewing § 112.230 as a whole, § 112.230(1)(c) is not subject to the discovery rule. The Nevada Legislature included the discovery rule in § 112.230(1)(a), which sets a limitation period for fraudulent transfer claims under § 112.180(1)(a) at "4 years after the transfer was made or the obligation was incurred or, if later, within 1 year after the transfer or obligation was or could reasonably have been discovered by the claimant." In contrast, § 112.230(1)(c) provides that a fraudulent transfer claim under § 112.190(2) must be brought within one year after the transfer was made and contains no reference to the discovery rule. By choosing different language, the Nevada Legislature expressed its intent that § 112.320(1)(c)'s one-year limitation period not be subject to tolling under the discovery rule. The difference in statutory language would be negated if the discovery rule applied to subsection (1)(c). Consequently, I grant the defendants' motions to dismiss Transfirst's claim under § 112.190(2) as time-barred for any transfer made one year prior to June 30, 2015 (which is one year prior to the date the complaint was filed).

### b. *Non-affiliated third party transfers*

Transfirst does not respond to Dominic's argument that any transfers to non-affiliated third parties for the Magliarditis' living expenses are not transfers to insiders within the meaning of § 112.190(2). I therefore grant this portion of Dominic's motion as unopposed. LR 7-2(d).

### c. *Solvency*

Transfirst has plausibly alleged the entity defendants are Dominic's alter egos and that Dominic is insolvent. Whether the entities have assets sufficient to cover Dominic's debts such

that he is not actually insolvent is an issue of fact not suitable for resolution at the dismissal stage. I therefore deny this portion of the defendants' motions.

### 2. Section 112.180(1)(a)

Francine and the entity defendants argue Transfirst failed to state a claim under this section of the NUFTA because although Transfirst alleges badges of fraud, it does not tie those badges to any particular transfer. Alternatively, these defendants request a more definite statement. Transfirst responds that it has adequately alleged the badges of fraud including that transfers were made to insiders, that Dominic retains control over the transferred property, and that the transfers were concealed.

Under § 112.180(1)(a), a transfer is fraudulent as to a creditor if the debtor made the transfer "[w]ith actual intent to hinder, delay or defraud any creditor of the debtor." In determining whether the debtor acted with actual intent, the fact finder may consider whether:

> (a) The transfer or obligation was to an insider;
> (b) The debtor retained possession or control of the property transferred after the transfer;
> (c) The transfer or obligation was disclosed or concealed;
> (d) Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit;
> (e) The transfer was of substantially all the debtor's assets;
> (f) The debtor absconded;
> (g) The debtor removed or concealed assets;
> (h) The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
> (i) The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
> (j) The transfer occurred shortly before or shortly after a substantial debt was incurred; and
> (k) The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor.

Nev. Rev. Stat. § 112.180(2).

Intent may be alleged generally under Federal Rule of Civil Procedure 9(b). Moreover, Transfirst has sufficiently set forth factual allegations from which fraudulent intent plausibly could be inferred, including allegations that Dominic gave untruthful testimony in the underlying action; that Dominic and Francine engaged in evasive post-judgment discovery conduct; that the

entity defendants are closely held by Francine and Dominic; that although Dominic purportedly resigned from the entity defendants, he retained control over the entities' finances and Francine is only a nominal owner; that the entities commingle funds; and that although millions of dollars have been transferred into and out of the entities, Dominic refuses to disclose the source of the funds or the identity of the recipient of those funds. ECF No. 75 at 7-8, 10, 13, 19, 22-24. I therefore deny the motion to dismiss on this basis. I also deny the request for a more definite statement. The defendants can explore the issue further in discovery.

### 3. Section 112.180(1)(b)

The defendants argue Transfirst has failed to allege facts showing the entity defendants engaged in transactions for which their remaining assets were unreasonably small or that they would incur debts beyond their ability to pay as they became due. They also argue Transfirst does not allege the transfers for payment of the Magliarditis' living expenses were made without receiving reasonably equivalent value.

Transfirst responds that most of the fraudulent transfers consist of Dominic transferring money to the entity defendants for no value and the entity defendants paying Dominic and Francine's personal living expenses for no value in exchange. Transfirst also notes this court has already found that Dominic claims to have no assets himself but he regularly causes the entities to pay his personal expenses through undocumented transactions, which leaves no evidence of an exchange of reasonably equivalent value. Finally, Transfirst contends that because the entity defendants are Dominic's alter egos, Dominic's insolvency or inability to pay debts is imputed to them.

Section 112.180(1)(b) provides that a transfer is fraudulent when the debtor does not receive reasonably equivalent value in exchange, and the debtor either "(1) [w]as engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or (2) [i]ntended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due."

Transfirst has adequately alleged transfers were made without receiving equivalent value in exchange. Transfirst alleges there are many undocumented transactions and Dominic refuses to clarify where the funds came from or where they went. A reasonable inference from these allegations is that there was no reasonably equivalent value exchanged for the transferred funds. Additionally, as discussed above, Transfirst has alleged the entities are Dominic's alter egos and Dominic is financially broke and not paying the judgment. Thus, Transfirst plausibly has alleged the entities entered into these transactions when Dominic believed or reasonably should have believed that he would incur debts beyond his ability to pay as they became due. Whether Dominic, through his alter egos, actually has sufficient funds to pay the entire judgment is a question not suitable for resolution at the dismissal stage.

**C. Constructive Trust**

Francine and the entity defendants assert that Transfirst has not pleaded facts showing it is entitled to a constructive trust if it prevails because Transfirst cannot show any particular property is traceable from the alleged fraudulent transfers. Transfirst does not respond to this argument. I therefore grant this portion of the motion as unopposed. LR 7-2(d).

**D. Pleading with Particularity**

The defendants argue that Transfirst has failed to plead the alleged fraud with particularity. They argue the second amended complaint does not allege the neutral facts about each of the fraudulent transfers or the defendants' roles in the alleged scheme. The defendants contend that only a few allegations contain specific dates, while most refer to time spans of several years. They also contend the second amended complaint does not identify who made the transfers. Alternatively, they request a more definite statement to identify each transfer that underlies Transfirst's claims.

Transfirst responds that it need not plead the exact date of every fraudulent transfer and that the defendants can obtain that information in discovery. Transfirst contends it nevertheless has pleaded specific dates and incorporated into the second amended complaint the defendants' ledgers showing the transfer dates.

A plaintiff must plead fraud with particularity. Fed. R. Civ. P. 9(b). To satisfy this burden, the second amended complaint "must set forth more than the neutral facts necessary to identify the transaction." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999) (footnote and quotation omitted). The "neutral facts" mean the "time, place, and content of an alleged misrepresentation." *Id.* at 993 n.10 (quotation omitted). In addition to pleading these neutral facts, the plaintiff "must set forth what is false or misleading about a statement, and why it is false. In other words, the plaintiff must set forth an explanation as to why the statement or omission complained of was false or misleading." *Id.* (quotation omitted).

However, Rule 9(b) does not necessarily require a plaintiff to make detailed allegations of all facts supporting each and every instance of fraud in a case where the plaintiff alleges numerous instances of fraud over a multi-year period. *See Cooper v. Pickett*, 137 F.3d 616, 627 (9th Cir. 1997) (holding that where complaint asserting claims of improper revenue recognition identified some of the defrauded customers, the type of conduct, the general time frame, and why the conduct was fraudulent, it was "not fatal to the complaint that it [did] not describe in detail a single specific transaction . . . by customer, amount, and precise method"). Rather, the second amended complaint must be "specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong." *U.S. ex rel. Lee v. SmithKline Beecham, Inc.*, 245 F.3d 1048, 1051-52 (9th Cir. 2001) (quotation omitted).

The second amended complaint identifies the who (Dominic and Francine, acting through their related entities), what (transfers of funds into and through the entities), when (some specific dates and general time frames, as well as incorporation of two of the entity defendants' general ledgers), and where (in Las Vegas where Francine and her entities are based and in their bank accounts and general ledgers) of the fraud. The second amended complaint also alleges the defendants transferred Dominic's funds into and through allegedly sham entities to conceal Dominic's assets from Transfirst and avoid paying the judgment (how/why it is fraudulent). Given the number of alleged fraudulent transactions spanning over several years, a more detailed

statement of the particulars of each and every alleged fraudulent transaction would be overly burdensome at this stage. The defendants have adequate information about the contours of Transfirst's claims to be able to meaningfully respond, particularly in light of the fact that the parties have extensively briefed and argued the issues in relation to Transfirst's request for injunctive relief. There is little mystery as to the grounds for Transfirst's fraudulent transfer claims. Any further specification can be fleshed out in discovery. Therefore, I deny the defendants' motions to dismiss on this basis and deny their motions for a more definite statement.

### E. Motion to Strike

The defendants move to strike certain allegations in the second amended complaint that they contend are immaterial and inflammatory. Transfirst responds that there is no basis to strike because the defendants' arguments are conclusory. Transfirst also argues the allegations the defendants seek to strike are relevant to the parties' history, Dominic's failure to pay the judgment, and the steps taken by the defendants to avoid paying the judgment. Transfirst contends that the defendants' disagreement with the allegations does not provide a basis to strike.

Federal Rule of Civil Procedure 12(f) permits courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Allegations are immaterial if they have "no essential or important relationship to the claim for relief or the defenses being plead." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 967 (9th Cir. 2014) (quotation omitted). "Allegations are 'impertinent' if they are not responsive to the issues that arise in the action and that are admissible as evidence." *Mazzeo v. Gibbons*, 649 F. Supp. 2d 1182, 1201-02 (D. Nev. 2009). Allegations are scandalous if they "cast[] a cruelly derogatory light on a party or other person." *Id.*

I deny the motions to strike. The allegations the defendants challenge are not immaterial, impertinent, or scandalous. Rather, they relate to the procedural history between the parties and to Transfirst's allegations that Dominic is concealing assets in sham entities and fraudulently transferring assets to evade paying the judgment.

/ / / /

## II. CONCLUSION

IT IS THEREFORE ORDERED that the defendants' motions to dismiss **(ECF Nos. 89, 90) are GRANTED in part** as set forth in this order.

IT IS FURTHER ORDERED that the defendants' motions for more definite statement **(ECF Nos. 94, 96) are DENIED**.

IT IS FURTHER ORDERED that the defendants' motions to strike **(ECF Nos. 95, 97) are DENIED**.

IT IS SO ORDERED this 20th day of November, 2017.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE