# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRANSFIRST GROUP, INC., et al.,<br><br>　　　Plaintiffs<br><br>v.<br><br>DOMINIC J. MAGLIARDITI, et al.,<br><br>　　　Defendants | Case No.: 2:17-cv-00487-APG-VCF<br><br>**Order (1) Granting Motion for Leave to Employ Counsel, (2) Directing Receiver to File a Report, and (3) Ordering Briefs Regarding the Impact of the Automatic Stay**<br>[ECF No. 211] |

　　　I previously entered an order appointing a forensic accountant and limited-purpose receiver based on my finding that defendant Francine Magliarditi was in contempt of my orders. ECF No. 198. As part of that order, I directed the receiver to file a report by June 29, 2018 regarding his activities related to the property located at 954 Rembrandt Drive in Laguna Beach, California. *Id.* at 2.

　　　About a week and a half later, defendant Dominic Magliarditi filed a notice of bankruptcy. ECF No. 207. In that notice, Dominic represented that the automatic stay applies to this action, and that the trustee of his bankruptcy estate has the power to pursue alter ego and fraudulent transfer claims on behalf of his estate. I take this to mean that, even though Dominic and Francine have argued in this case that their property is separate, the issue of whether in fact their property is commingled is a question for the bankruptcy court now that Dominic (but not Francine) has filed for bankruptcy.

　　　A few days after that, the receiver filed a motion to authorize him to employ counsel. ECF No. 211. That motion apparently prompted an email from Dominic's counsel in the bankruptcy proceeding, Matt Zirzow. ECF No. 213-1. Zirzow advised the receiver of Dominic's bankruptcy petition and took the position that the receiver's application to employ counsel

violated the automatic stay. *Id.* In light of Zirzow's threats to seek sanctions for violation of the automatic stay, the receiver filed a notice indicating that Zirzow's email was the first he had learned of Dominic's bankruptcy, that he would not file the June 29 report as ordered in light of Zirzow's threat, and that he would like clarification from me regarding the effect of the bankruptcy on his duties. ECF No. 213.

Zirzow's email does not explain how the automatic stay in Dominic's bankruptcy could possibly preclude a third party non-debtor like the receiver from obtaining counsel. It does not. I therefore grant the receiver's motion for permission to retain counsel.

Moreover, the receiver was appointed via contempt proceedings against a non-debtor, Francine, for violating my temporary restraining order and preliminary injunction. Contempt proceedings against a non-debtor, and even contempt proceedings against a debtor, are not barred by the automatic stay. *In re Dingley*, 852 F.3d 1143, 1147-48 (9th Cir. 2017) ("Civil contempt proceedings are exempted from the automatic stay under the government regulatory exemption when the proceedings are intended to effectuate the court's public policy interest in deterring litigation misconduct."); *see also Seiko Epson Corp. v. Nu-Kote Int'l, Inc.*, 190 F.3d 1360, 1364 (Fed. Cir. 1999) ("Thus the statutory stay of proceedings as to Nu–Kote did not free Nu–Kote of the contempt orders and the injunctions upon which the contempt was based, all of which were entered before Nu–Kote suggested bankruptcy."); *Supporters to Oppose Pollution, Inc. v. Heritage Grp.*, 973 F.2d 1320, 1328 (7th Cir. 1992) ("Contempt proceedings against non-bankrupt persons obliged to perform the acts spelled out in the injunction are not forbidden by the automatic stay.").

It is also unclear how simply filing a report with the court about actions the receiver has already taken could violate the automatic stay. I therefore direct that on or before July 3, 2017,

the receiver shall file the report that I previously ordered in connection with contempt proceedings against Francine.

That being said, the bankruptcy filing does have consequences for how this case proceeds unless the bankruptcy court lifts the stay or I withdraw the reference. I therefore direct the parties to file briefs addressing how the automatic stay impacts this case going forward. The receiver shall take no further action in relation to the Rembrandt property until further order of the court. If some action is necessary to preserve the property, the receiver can file an emergency motion.

I caution the defendants that the automatic stay does not free them from the possibility of future contempt proceedings for any violations of the preliminary injunction. Additionally, given the unnecessarily aggressive tone of Zirzow's email, I direct Zirzow to review Local Rule 1-1(c) ("The court expects a high degree of professionalism and civility from attorneys. There should be no difference between an attorney's professional conduct when appearing before the court and when engaged outside it, whether in discovery or any other phase of a case.").

IT IS THEREFORE ORDERED that the receiver's motion for leave to employ counsel **(ECF No. 211) is GRANTED**. The receiver's employment of Barnes & Thornburg and Lynch Law shall be deemed authorized and effective as of June 14, 2018, when the receiver initially sought preliminary advice from the proposed counsel.

IT IS FURTHER ORDERED that on or before July 3, 2018, the receiver file the report I previously ordered in connection with contempt proceedings against Francine Magliarditi.

IT IS FURTHER ORDERED that on or before July 18, 2018, the parties (including the trustee of Dominic's bankruptcy estate, Shelley D. Krohn, and the U.S. Trustee) shall file briefs

stating their position regarding how Dominic Magliarditi's bankruptcy filing impacts this case going forward. The parties may file responses by July 27, 2018.

IT IS FURTHER ORDERED that absent further order of the court, the show cause hearing set for July 20, 2018 will not be vacated because contempt proceedings against Francine Magliarditi are not barred by the automatic stay. However, the parties should be prepared to discuss the impact the bankruptcy filing may have on contempt remedies.

IT IS FURTHER ORDERED that defendant Dominic Magliarditi shall file a copy of this order in his bankruptcy case so that the trustee of his bankruptcy estate and the U.S. Trustee have notice of the pendency of this action and the deadline to file briefs regarding the impact the bankruptcy filing has on this case.

DATED this 29th day of June, 2018.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE