1  Matthew L. Durham
   Nevada Bar No. 10342
2  Chad D. Olsen
   Nevada Bar No. 12060
3  KING & DURHAM PLLC
   6385 S. Rainbow Blvd., Suite 220
4  Las Vegas, Nevada 89118
   Telephone: (702) 833-1100
5  Facsimile: (702) 833-1107

6  Tyler J. Bexley, *pro hac vice*
   REESE GORDON MARKETOS LLP
7  750 North Saint Paul Street, Suite 600
   Dallas, TX  75201
8  Telephone: (214) 382-9804

9  Attorneys for Plaintiffs

10

11                              **UNITED STATES DISTRICT COURT**

12                                      **DISTRICT OF NEVADA**

13

| | |
|---|---|
| 14  TRANSFIRST GROUP, INC. f/k/a TRANSFIRST HOLDINGS, INC., TRANSFIRST THIRD PARTY SALES LLC f/k/a TRANSFIRST MERCHANT SERVICES, INC., and PAYMENT RESOURCES INTERNATIONAL, LLC, | Case No. 2:17-CV-00487-APG-VCF  **MOTION TO WITHDRAW THE REFERENCE AND/OR LIFT THE JULY 31, 2018 STAY ORDER** |
|     Plaintiffs, | |
|     v. | |
| DOMINIC J. MAGLIARDITI; FRANCINE MAGLIARDITI; in her individually capacity, and as trustee of FRM TRUST, DJM IRREVOCABLE TRUST, and the FANE TRUST; ATM ENTERPRISES, LLC; DII CAPITAL, INC.; DFM HOLDINGS, LTD; DFM HOLDINGS, LP; DII PROPERTIES LLC; MAGLIARDITI, LTD.; CHAZZLIVE.COM, LLC; and SPARTAN PAYMENT SOLUTIONS, LLC., | |
|     Defendants. | |

///

///

TransFirst Group, Inc. f/k/a TransFirst Holdings, Inc., TransFirst Third Party Sales LLC f/k/a TransFirst Merchant Services, Inc., and Payment Resources Internal, LLC, as Plaintiffs and assignees of the Chapter 7 Trustee (collectively, "TransFirst"), respectfully request that the Court withdraw the reference of this case to the Bankruptcy Court and/or lift the stay imposed in this Court's July 31, 2018 order.

## SUMMARY

This case arises from a long-running dispute between TransFirst and Dominic J. Magliarditi, which began when TransFirst sued Magliarditi in 2006 and culminated in a $4 million judgment against Magliarditi for fraud and violations of the RICO statute. After more than four years of successfully hiding assets from TransFirst, Magliarditi's scheme was in jeopardy following this Court's entry of an asset-freezing preliminary injunction. With his scheme nearing an end and a contempt proceeding against his wife pending, Magliarditi filed for bankruptcy in an effort to block TransFirst's legitimate collection efforts. In light of Magliarditi's bankruptcy filing, the Court entered an order staying this action and the contempt proceeding on July 31, 2018.

Effective September 10, 2019, TransFirst purchased all of the claims, rights, and causes of action held by the Trustee as representative of Magliarditi's bankruptcy estate—including the claims pending in this case. As the holder of these claims once again, TransFirst seeks to lift the July 31, 2018 stay and continue litigating this case. To the extent necessary to proceed with this case, TransFirst also requests that the Court withdraw the reference of these claims to the Bankruptcy Court.

## ARGUMENT

TransFirst, as the owner of the claims of Magliarditi's bankruptcy estate, seeks to proceed with its claims for fraudulent conveyance and alter ego. To allow these claims to proceed, TransFirst requests that the Court lift the stay imposed by its July 31, 2018 order. In addition, TransFirst requests that this Court withdraw the reference of these claims to the Bankruptcy Court, if necessary, to proceed before this Court.

///

///

**1.     The Court should lift its stay order to allow this case to proceed.**

The Court's July 31, 2018 order temporarily stayed this case due to Magliarditi's bankruptcy filing. (ECF No. 233.) On August 24, 2018, TransFirst, Defendants, and the Chapter 7 Trustee filed a stipulation that the claims asserted in this case are the property of Magliarditi's bankruptcy estate and are "held and controlled by the Chapter 7 Trustee." (*Id.*) On September 10, 2019, the Bankruptcy Court entered its Order Granting Trustee's Motion to Sell Causes of Action Free and Clear of All Claims, Encumbrances, and Interests and Hold Auction at Time of Hearing. (Ex. 1.) This order approved the sale of the following assets to TransFirst:

1) Any and all claims, rights, and causes of action held by the Trustee as representative of the Debtor's bankruptcy estate under 11 U.S.C. § 541, including without limitation the [causes of action pending in this case] and proceeds, including without limitation proceeds from the sale of the real property located at 954 Rembrandt Drive, Laguna Beach, California.

2) Any and all claims, rights, and causes of action held by the Trustee as representative of the Debtor's bankruptcy estate including without limitation those set forth under 11 U.S.C. §§ 544, 546, 547, 548, 549, and 550 and any proceeds.

(*Id.*)

As the holder of the claims pending in this Court, TransFirst seeks to continue litigating the claims. As further explained below, it is most efficient for the pending claims to be litigated in this Court due to the Court's familiarity with the facts. TransFirst therefore requests that the Court lift its July 31, 2018 stay order to allow this case to move forward.

**2.     If necessary, the Court should withdraw the reference to the Bankruptcy Court.**

The Court stayed this case in connection with Magliarditi's bankruptcy filing but denied Magliarditi's motion to transfer the case to the Bankruptcy Court. (ECF No. 247.) Because this action was never referred to the Bankruptcy Court, TransFirst believes that the Court has the authority to lift its stay order and move forward with this case without withdrawing the reference. Nevertheless, out of an abundance of caution, TransFirst moves for the Court to withdraw the reference to the Bankruptcy Court if necessary.

The Bankruptcy Code provides that the district court may withdraw the reference "for cause shown." 28 U.S.C. § 157(d). "In determining whether cause exists, a district court should consider

the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms v. Int'l Brotherhood of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). These factors weigh in favor of withdrawing the reference here.

First, judicial efficiency and preventing delay and cost to the parties counsel in favor of keeping this case in the court where it has been pending for more than two years. This Court has presided over extensive briefing and hearings, including a preliminary injunction hearing that involved the merits of the pending claims, motions to dismiss filed by the defendants, and contempt proceedings. Given this Court's familiarity with the pending claims, judicial efficiency is promoted by keeping the case in this Court. *See, e.g.*, *Randazza v. Cox*, No. 2:12–cv–02040–JAD–PAL, 2016 WL 10803752, at *4 (D. Nev. Dec. 2, 2016) (denying motion to refer certain claims to bankruptcy court and noting, "I have already ruled on a summary judgment motion as to the Randazzas' claims and, thus, I am more familiar with those claims"); *Certain Underwriters at Lloyds, London v. Inlet Fisheries, Inc.*, No. A04–58 CIV (JWS), 2004 WL 3362500, at *2 (D. Alaska Sept. 17, 2004) ("This court has already issued its pretrial orders, entered rulings on motions, has pending before it motions that are ripe for decision, and is generally already familiar with the legal and factual issues presented; these efforts would have to be duplicated by the bankruptcy court if the matter were transferred to it."). Moreover, the fact that only the district court can enter final judgment on the fraudulent conveyance claims further establishes the efficiency of maintaining this case in this Court. *Sec. Farms*, 124 F.3d 1008–09; *accord In re Watt*, Adv. Proc. No. 15–03073–rld, 2016 WL 7912903, at *2 (D. Oregon Sept. 2, 2016) (holding that withdrawal of the reference was appropriate where claims in adversary proceeding were similar to claims "already pending in district court" and would have to be ultimately adjudicated by the district court); *Shengdatech Liquidating Trust v. Hansen, Barnett, & Maxwell, P.C.*, No. 3:13–CV–00563–RCJ, 2013 WL 6408518, at *2 (D. Nev. Nov. 26, 2013) (finding that "judicial efficiency weighs in favor of withdrawal to this Court since the District Court would have to review all dispositive recommendations as to non-core issues de novo," potentially including "the fraudulent transfer claim").

Second, the uniformity of bankruptcy administration is not implicated because the claims pending in this action concern issues of state law. *See Randazza*, 2016 WL 10803752, at *4 ("[T]he Randazzas' claims do not touch on bankruptcy law, so referring them to the bankruptcy court will not promote uniformity of bankruptcy administration.").

Finally, the prevention of forum shopping counsels strongly in favor of keeping this case in this Court. This Court has issued several rulings against the Magliarditis, including an asset-freezing injunction and multiple findings of contempt. Magliarditi filed his bankruptcy petition right after TransFirst had brought several improper transfers to the Court's attention and just before the Court was schedule to hold a contempt hearing. Magliarditi also previously sought to transfer this case to the Bankruptcy Court, which this Court rejected, in part due to the appearance of forum shopping. (*See* ECF No. 247 ("[T]here is some evidence of forum shopping by the defendants. I had entered a preliminary injunction against the defendants and was in the process of adjudicating contempt proceedings against Dominic Magliarditi's wife, defendant Francine Magliarditi, when Dominic filed for bankruptcy.").) TransFirst intends to continue pursuing the contempt proceedings that were previously before the Court and the claims on which the Preliminary Injunction is based. In the interest of preventing forum shopping and maximizing efficiency, this Court should continue hearing and deciding these issues.

## CONCLUSION

TransFirst, as the holder of the claims pending in this case, seeks to move forward with its claims. Accordingly, TransFirst respectfully requests that the Court lift its July 31, 2018 stay and, if necessary, withdraw the reference from the Bankruptcy Court.

DATED: October 15, 2019            KING & DURHAM PLLC

By      */s/ Matthew L. Durham*
Matthew L. Durham, NV Bar No. 10342
6385 S. Rainbow Blvd., Suite 220
Las Vegas, Nevada 89118
Tel. (702) 833-1100

Attorneys for Plaintiffs